**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tapestry on Central Condominium Association, <br><br> Plaintiff, <br><br> v. <br><br> Liberty Insurance Underwriters Incorporated, <br><br> Defendant. | No. CV-19-01490-PHX-MTL <br><br> **ORDER** |

Before the Court is Defendant/Counterclaimant's Liberty Insurance Underwriters Inc.'s ("Liberty") Motion for Leave to File Under Seal. (Doc. 43.) For the following reasons, the motion is denied without prejudice.

I.

Liberty seeks to file under seal a Settlement Agreement and Release entered into between the parties in 2017 (the "Settlement Agreement"); its Motion for Summary Judgment, which "discusses the terms of the Settlement Agreement"; and "any other documents filed in connection with summary-judgment briefing that discusses the terms of the Settlement Agreement." (*Id*. at 2.) Liberty argues that these documents should be sealed because the Settlement Agreement "contains a clause requiring the parties to keep the terms of the agreement confidential." (*Id*.) Liberty further states that to require it to violate "that provision and file the agreement publicly would discourage parties from settling lawsuits if they knew that confidentiality provisions could simply be disregarded." (*Id*. at 2-3.)

Liberty has lodged unredacted versions of its Motion for Summary Judgment and the Settlement Agreement. (Docs. 44, 44-1.) It has also filed a redacted, unsealed version of its Motion for Summary Judgement that omits the Settlement Agreement. (Docs. 46, 46-3.)

Plaintiff/Counter-defendant Tapestry on Central Condominium Association (the "Association") filed a response in opposition. (Doc. 49.) The Association argues that Liberty has not made the requisite showing to seal either document because "[l]itigants' agreement to secret information is not, by itself, cause to seal the judicial record." (*Id*. at 2.) The Association also argues that, by suing for an alleged breach of the Settlement Agreement, Liberty has put "its terms squarely at issue." (*Id*. at 3.) It also notes that, by the terms of the Settlement Agreement, disclosure is authorized "in connection with enforcing this Agreement." (*Id*. at 4.) Liberty filed a reply. (Doc. 51.) Neither party requested oral argument.

II.

The public has a general right of access "to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). Generally, any analysis regarding a motion to seal begins with a "strong presumption in favor of [public] access." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption is far stronger for dispositive motions than non-dispositive because dispositive motions may resolve the dispute in lieu of trial. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party must demonstrate "compelling reasons" to seal a dispositive motion or its exhibits. *Id*. at 1179.[*] Under the "compelling reasons" standard, the party seeking to seal bears the burden of "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotation marks

---

[*] A party seeking to seal records in connection with a non-dispositive motion must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

omitted). "Compelling reasons" include that the information may become "a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks omitted). Local Rule of Civil Procedure ("LRCiv") 5.6(b) also requires "a clear statement of the facts and legal authority justifying the filing of the document under seal."

Numerous courts have found that an agreement to keep a settlement agreement confidential, absent other considerations, "fail[s] to satisfy the 'compelling reasons' standard for dispositive motions." *Alcaide v. Thomas*, No. CV-11-01162-JAT-JFM, 2015 WL 6087560, at *3 (D. Ariz. Oct. 16, 2015). *See also El Paso Natural Gas Co. v. Southwest Forest Products, Inc.*, 2008 WL 4808892 (D. Ariz. Oct. 28, 2008) (denying parties' joint request to seal confidential settlement agreement for "fail[ing] to articulate how the parties' need for confidentiality of the settlement agreement overcomes the strong presumption of public access to the parties' agreement"); *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2017 WL 1881157, at *2 (N.D. Cal. May 9, 2017) ("That the Settlement Agreement 'by its own terms' is designated confidential does not relieve Plaintiff and Counter-Defendants of their burden to show compelling reasons to seal the document."). LRCiv 5.6(b) also states that the "Court generally will not enter an order that gives advance authorization to file documents under seal that are designated for such treatment by parties under a . . . confidentiality agreement."

Liberty has not met its burden to show that compelling reasons justify sealing its Motion for Summary Judgment and the attached Settlement Agreement. The present motion does not indicate any justification other than that the Settlement Agreement contains a confidentiality provision. In its reply, Liberty argues for the first time that certain parties to the Settlement Agreement are not parties to the present case, and have therefore "not indicated their consent to the disclosure of the terms of the Settlement Agreement." (Doc. 51 at 3.) Liberty has not provided authority indicating that this is a "compelling reason" to seal.

III.

Accordingly,

**IT IS ORDERED** that Liberty's Motion for Leave to File Under Seal (Doc. 43) is **denied without prejudice**. Liberty may file another motion to seal that identifies, with specificity and compelling reasons, those portions of the Motion for Summary Judgment and Settlement Agreement that contain sealable material.

**IT IS FURTHER ORDERED** that Liberty shall re-file its motion to seal, if it so chooses, within **14 days** of the date of this Order.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall maintain the seal on the documents lodged at Docs. 44 and 44-1. If Liberty does not timely re-file a motion to seal, the Court will direct the Clerk to lift the seal on those documents.

Dated this 21st day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge